IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| REGINA GAINES, *Individually,* *and on behalf of herself and other similarly situated current and former employees*, | | |
| Plaintiff, | | |
| v. | No. _____ | |
| BICKFORD SENIOR LIVING GROUP, LLC, BICKFORD SENIOR LIVING, LLC and 103 ARCARO OPERATIONS, LLC, d/b/a THE RIVERS AT MARYLAND FARMS | | |
| Defendants. | FLSA Mult-Plaintiff Action JURY DEMANDED | |

## ORIGINAL FLSA MULTI-PLAINTIFF COMPLAINT

Named Plaintiff, Regina Gaines ("Plaintiff"), individually, and on behalf of herself and all other similarly situated hourly-paid caregivers, brings this Fair Labor Standards Act ("FLSA") Multi-Plaintiff action against Bickford Senior Living Group LLC and Bickford Senior Living, LLC, and 103 Arcaro Operations, LLC, d/b/a The Rivers at Maryland Farms ("Defendants) and states as follows:

### I. INTRODUCTION

1. This lawsuit is brought against Defendants as an FLSA multi-plaintiff action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and other similarly situated caregivers.

2. Defendants violated the FLSA by failing to pay Plaintiff and those similarly situated for all hours worked over eighty (80) within bi-weekly pay periods at one and one-half times

1

their regular hourly rates of pay.

## II.     **PARTIES**

3. Plaintiff, Regina Gaines, has been employed by Defendants as an hourly-paid caregiver at all times material to this action. Plaintiff Gaines' consent to join form is attached as *Exhibit A*.

4. Defendant, Bickford Senior Living Group, LLC, is a Kansas limited liability company with its principal offices at 13795 S. Mur-len Road, Suite 301, Olathe, Kansas 66062. Defendant's registered agent for service of process is at 13795 S. Mur-len Road, Suite 301, Olathe, Kansas 66062.

5. Defendant, Bickford Senior Living, LLC, is a Kansas limited liability company with its principal offices at 13795 S. Mur-len Road, Suite 301, Olathe, Kansas 66062. Defendant's registered agent to receive service of process is at 13795 S. Mur-len Road, Suite 301, Olathe, Kansas 66062.

6. Defendants Bickford Senior Living Group, LLC and Bickford Senior Living, LLC, are integrated enterprises as that term is defined by the FLSA because their related activities, which are performed through unified operations, serve a common business purpose.

7. Defendant, 103 Arcaro Operations, LLC, is a Delaware limited liability company headquartered at 3550 Lenox Road NE, FL 21, #6345, Atlanta, Georgia 30326. Defendant's registered agent for service of process is Capitol Corporate Services, 992 Davidson Drive, Suite B, Nashville, Tennessee 37205-1051.

## III.     **JURISDICTION AND VENUE**

8. This Court has jurisdiction over this lawsuit because this action arises under 29 U.S.C. § 201 *et seq.*

2

Case 3:25-cv-00793   Document 1   Filed 07/16/25   Page 2 of 12 PageID #: 2

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) and (c) because Plaintiff was employed by and worked for Defendants within this district and Defendants have conducted business within this district during all times material to this action.

## IV. COVERAGE

10. Defendants have been an "employer" within the meaning of 29 U.S.C. § 203(d) during all times material.

11. Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), during all times material herein.

12. Defendants have engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendants have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross revenue of not less than $500,000 during all times material to this action.

13. Defendants have been the "employer" of Plaintiff and those similarly situated, as that term is defined by §203(d) of the FLSA.

14. Plaintiff and similarly situated caregivers have been "employees" of Defendants as that term is defined in the FLSA, and such employees have engaged in commerce or in the production of goods for commerce on behalf of Defendants, as defined by 29 U.S.C. §§ 206– 207, during all times material to this action.

## V. FACTUAL ALLEGATIONS

15. According to their common website, Defendants Bickford Senior Living Group, LLC and

Bickford Senior Living, LLC provide assisted living and memory care services in Brentwood, Tennessee, and the states of Illinois, Indiana, Iowa, Kansas, Missouri, Nebraska, Michigan, Ohio, and Georgia.

16. Defendant, 103 Arcaro Operations, LLC, was the employer of Plaintiff and those similarly situated at The Rivers at Maryland Farms until Defendants Bickford Senior Living Group, LLC and Bickford Senior Living, LLC later purchased it.

17. Plaintiff and those similarly situated were employed by Defendants as caregivers during all times material to this action.

18. At all times material to this action, Defendants have had a timekeeping system to record the hours worked by Plaintiff and those similarly situated.

19. Plaintiff and those similarly situated worked 80 hours or more within bi-weekly pay periods during all times material to this action.

20. Defendant has a common practice of failing to pay Plaintiff and those similarly situated for all their overtime hours worked, either by failing to record such overtime hours into their timekeeping system or editing such overtime hours from their timekeeping system.

21. More specifically, Defendants have had a common practice of failing to pay Plaintiff and those similarly situated for the time they spent working during 30-minute unpaid meal breaks, and/or for the time during which they were not fully relieved from their job duties during 30-minute unpaid meal periods, during all times material herein.

22. Plaintiff and those similarly situated performed work duties and/or were not fully relieved of their job duties during such 30-minute meal breaks - whether clocked-out or not – at all times material to this action, without being paid at the applicable FLSA overtime rates of pay within bi-weekly pay periods during all times pertinent.

23. Defendants also had a common practice of failing to pay Plaintiff and those similarly situated for their compensable time when Defendants' "face-recognition" clock-in and clock-out system malfunctioned. (When the system was malfunctioning, Plaintiff and those similarly situated could not clock in for their work shifts and, therefore, their compensable time was not recorded in such circumstances until the system was able to record their compensable time.)

24. Plaintiff and those similarly situated were subjected to Defendant's "face-recognition" clock-in and clock-out system malfunctioning while performing their job duties, for which time they were not paid the applicable FLSA overtime compensation rates of pay within bi-weekly pay periods during all times pertinent to this action.

25. Plaintiff and those similarly situated performed work-related tasks prior to clocking in to Defendants' timekeeping system without being paid for such pre-shift "off the clock" work at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material.

26. Plaintiff and those similarly situated performed work-related tasks after clocking out of Defendants' timekeeping system at the end of their shifts without being paid for such post-shift "off the clock" work at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material.

27. Considering Plaintiff and those similarly situated worked 80 hour or more within bi-weekly pay periods without counting the unpaid meal break times, malfunctioning time, pre-shift and post-shift "off the clock" time, when such unpaid compensable times are added to their bi-weekly earned hours, they are to be counted as overtime hours.

28. As a result, Defendants have failed to pay Plaintiff and those similarly situated for all their

5

unpaid compensable hours at one and one-half times their regular hourly rates of pay within bi-weekly pay periods during all times material.

29. Defendants have been aware they were not compensating Plaintiff and those similarly situated for all their unpaid overtime hours at the applicable FLSA overtime compensation rates of pay within bi-weekly pay periods during all times material. (Moreover, Plaintiff Gaines did not receive her compensable pay for the last four days of her employment, for which Defendants are in violation of the FLSA.)

30. Defendants have failed to maintain accurate pay and timekeeping records of Plaintiff and those similarly situated during all times relevant to this action.

31. Plaintiff's unpaid overtime wage claims and those similarly situated are unified through common theories of Defendants' FLSA violations.

32. Defendants' common policy and practice of failing to compensate Plaintiff and those similarly situated for all their compensable overtime hours at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

33. Defendants' failure to compensate Plaintiff and those similarly situated for their unpaid overtime hours was willful with reckless disregard to the FLSA overtime compensation requirements and without a good faith basis.

34. Due to Defendants' lack of a good faith basis and willful failure to pay Plaintiff and those similarly situated in compliance with the overtime requirements of the FLSA, they have suffered lost wages in terms of lost overtime compensation and other damages.

35. The net effect of Defendants' common practice of failing to pay Plaintiff and those similarly situated one-and one-half times their regular hourly rates of pay for all hours worked over 80 within bi-weekly pay periods during all times material to this action was

to unjustly enrich themselves and enjoy ill-gained profits at the expense of Plaintiff and those similarly situated.

## VI. FLSA MULT-PLAINTIFF ACTION ALLEGATIONS

36. Plaintiff brings this lawsuit as a multi-plaintiff action on behalf of herself and those similarly situated under 29 U.S.C. § 216(b) to recover from Defendants unpaid overtime compensation, liquidated damages, statutory penalties, attorney's fees and costs, and other related damages.

37. More particularly, Plaintiff brings this action on behalf of herself and the following similarly situated persons:

> All current and former hourly-paid caregivers of Defendants who have performed work for Defendants anywhere in Tennessee during the applicable limitation's period (*i.e.* two (2) years for FLSA violations and three (3) years for willful FLSA violations) up to and including the date of final judgment in this matter including the Named Plaintiff and those who elect to join this action pursuant to the FLSA, 29 U.S.C. *§* 216(b). (Collectively, "potential plaintiffs").

38. Plaintiff and potential plaintiffs to this action are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendants employed a common pay practice that resulted in a failure to pay Plaintiff and potential plaintiffs for all hours worked over eighty (80) within bi-weekly pay periods at one and one-half times their regular hourly rates of pay, as required by the FLSA, and as previously described.

39. This action is properly maintained as a multi-plaintiff action because Plaintiffs and potential plaintiffs have been similarly deprived of overtime compensation due to Defendants' unlawful pay and timekeeping practices.

40. Plaintiff and potential plaintiffs are also similarly situated because their unpaid overtime wage claims are unified through common theories of Defendants' FLSA violations.

41. The multi-plaintiff action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to Plaintiff and potential plaintiffs. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of Plaintiff and potential plaintiffs to protect their interests.

42. Plaintiff's unpaid wage claims are typical of the unpaid wage claims of Potential plaintiffs.

43. Plaintiff will fairly and adequately protect the interests of potential plaintiffs as her interests are in complete alignment with those of potential plaintiffs, i.e. to pursue their aforementioned unpaid overtime compensation claims.

44. Counsel for Plaintiff will adequately protect her interests as well as the interests of all potential plaintiffs.

45. Defendants knew Plaintiff and those similarly situated performed compensable overtime work within bi-weekly pay periods during all times material without compensating for such unpaid overtime time at the applicable FLSA overtime compensation rates of pay.

46. Defendant's conduct, as alleged herein, was willful with reckless disregard to the FLSA overtime requirements, which conduct has caused significant damages to Plaintiff and potential plaintiffs.

47. Defendants do not have a good faith basis for failing to compensate Plaintiff and potential plaintiffs for all their compensable overtime hours at the applicable FLSA overtime rates of pay within bi-weekly pay periods during all times material to this action.

48. Therefore, Defendants are liable to Plaintiff and potential plaintiffs under the FLSA for failing to compensate them properly for their unpaid overtime.

49. Plaintiff requests this Court to facilitate notices to potential plaintiffs to inform them of the pendency of this action and their right to join this lawsuit pursuant to 29 U.S.C. § 216(b), to seek unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

50. Plaintiff does not know the precise number of potential plaintiffs as of this time, but it can be easily ascertained in part by examining Defendants' payroll, scheduling, timekeeping, personnel, and other work-related records and documents.

51. Given the composition and number of potential plaintiffs, they may be informed of the pendency of this action directly via U.S. mail, e-mail, text messaging, and by posting notice at all of the Defendants' offices, assisted living/memory care facilities, and home care residences.

## COUNT I
**(Violation of the Fair Labor Standards Act)**

52. Plaintiff incorporates by reference all preceding paragraphs as fully as if rewritten herein.

53. Plaintiff and potential plaintiffs have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b), at all relevant times, as previously described.

54. Defendants failed to pay Plaintiff and those similarly situated one and one-half times their regular hourly rates of pay for all hours worked over 80 within bi-weekly pay periods during all times material herein, as previously addressed.

55. Defendants failed to pay Plaintiff for her last four days of employment.

56. Defendants' practice of failing to pay Plaintiff and potential plaintiffs for all their overtime hours within bi-weekly pay periods at the applicable FLSA overtime compensation rates of pay during all times material violated the overtime provisions of the FLSA, as previously described.

57. Through its actions, inactions, and practices, Defendants have violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and potential plaintiffs for all hours worked in excess of eighty (80) hours within bi-weekly pay periods at one and one-half times their regular hourly rates during all times material to this action.

58. Defendants' actions were willful with reckless disregard to clearly established FLSA provisions.

59. Defendants do not have a good faith basis for their conduct.

60. The unpaid overtime claims of Plaintiff and potential plaintiffs are unified through common theories of Defendants' FLSA violations.

61. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff and potential plaintiffs have suffered and will continue to suffer a loss of income and other damages.

62. Therefore, Defendants are liable to Plaintiff and potential plaintiffs for actual damages, liquidated damages, and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of herself and potential plaintiffs, requests the Court to enter judgment in their favor on this Complaint and:

a) Promptly facilitate notices pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of the pendency of this action and permitting potential plaintiffs to assert timely FLSA claims in this action by filing individual consents to join under 29 U.S.C. § 216(b);

b) Award Plaintiff and potential plaintiffs who join this action FLSA statutory damages against Defendants;

c) Award Plaintiff and potential plaintiffs who join this action all unpaid overtime compensation against Defendants;

d) Award Plaintiff and potential plaintiffs who join this action liquidated damages in accordance with the FLSA against Defendants;

e) Award Plaintiff and those similarly situated prejudgment interest (to the extent that liquidated damages are not awarded);

f) Award Plaintiff and those similarly situated post-judgment interest and court costs as allowed by law;

g) Find and declare that Defendant's violations of the FLSA were willful, and accordingly, apply the three (3) year statute of limitations under the FLSA to this action;

h) Find and declare that Defendant's violations were without a good faith basis;

i) Award Plaintiff and those similarly situated reasonable attorney's fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

j) Allow Plaintiff to amend her Complaint, if necessary, as new facts are discovered;

k) Provide additional general and equitable relief to which Plaintiff and potential plaintiffs may be entitled; and

l) Provide further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: July 16, 2025

Respectfully Submitted,

*s/J.Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
J. Joseph Leatherwood IV (TN BPR #39490)
Joshua Autry (TN BPR #041423)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*jbryant@jsyc.com*
*jleatherwood@jsyc.com*
*jautry@jsyc.com*

*ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED*